## Springer's Estate.

1. Upon an exception to the account of executors, asking that it should be surcharged with the full value of land alleged to have been sold under its value, the auditor reported that the "tracts were sold for less than their value," but that the sale was fair and for the best price that could be obtained at the time. *Held*, that the executors should not be charged with a higher sum than the land actually brought.

2. Declarations by the executors that the lands should bring as much as had been paid for them, were not a guaranty that they should bring that much; and if they were a guaranty, they could not be surcharged in their account; a personal liability only was incurred.

3. Trustees are liable to a surcharge, only when they are guilty of fraud, or supine negligence equivalent to fraud.

THIS was an appeal from the decree of the Orphans' Court of *Fayette county*, confirming the account of the executors of Levi Springer, deceased. The names of the parties do not appear on the paper-books.

Levi Springer by his will directed as follows, viz.: "I do hereby direct all the residue of my real estate lying in the state of Pennsylvania, Ohio and elsewhere, and not herein specifically devised, to be sold, and I do hereby appoint my executors trustees for that purpose, with power to sell and convey the same, at such time and in such portions, divisions and subdivisions, as they shall deem proper.

"I also direct my executors to dispose of all my personal estate, and to collect my debts, and the proceeds of such real estate as shall be sold, and all such other funds and stocks as I may own or may come to their hands, I order my said executors to hold in trust as a common fund for the benefit of all my grandchildren, and I bequeath the same to them, share and share alike, to be paid to them as they respectively shall arrive at full age.

"And I further provide and direct that my executors, or either of them, shall not be prevented from purchasing at any public sale or vendue made by them under this will, any real or personal property which may be sold by them at public auction or vendue, any law to the contrary notwithstanding."

Amongst other lands, he owned a tract called the "Sugar Camp Tract," for which he had paid $1090, and another called the "Cool Spring Furnace Tract," for which he paid $945.

One of the executors became the purchaser at public sale of these tracts; the first for $410, and the other for $805.

[Springer's Estate.]

The testator left three daughters, all of them having children who are minors. One of the daughters was the wife of one of the executors. The executors filed an account, in which they charged themselves with the above sums as proceeds of the land sold.

The guardians of the minor children, or some of them, filed, amongst others, the following exception to the account:—

" 9th. They have charged themselves with but $1215, the proceeds of the sale of two tracts of mountain land, one of which said tracts is known as the Cool Spring Furnace Land, containing four hundred acres, and the other is known as the Sugar Camp tract, containing one hundred and fifty acres, which tracts of land were sold by said accountants for a sum of money greatly below their real value, and which sales are now being contested by a bill in equity, already filed, to set aside the sales and cancel the deeds (if any have been made), on the ground that the said sales were fraudulently made and greatly under the value of the property."

The account with exceptions was referred to an auditor, who heard much testimony, in which there was some evidence that the executors had said before the sale that the lands should not be sold unless they should bring their value, or as much as the testator had paid for them at any rate: he made an extended report reviewing the testimony, and said:—

" In all the evidence adduced I have failed to find any, that could raise even a presumption that the executors had done or omitted to do any act in respect to the sale of the land of said deceased, by which any person has been injured or advantage taken of them." And concluded, " I am of the opinion that said tracts were sold for less than their value; but at the same time I believe that the sale was fair and made in good faith, without fraud or connivance, and for the highest and best price which could be obtained for the land at the time, and there is therefore no cause for setting the sale aside."

To the report of the auditor the 3d exception was: " the auditor erred in not charging the accountants with the amount Levi Springer, the testator, paid at sheriff's sale for the Sugar Camp tract and the Cool Spring Furnace tract, to wit: Sugar Camp tract $1090, for the Cool Spring Furnace tract $945."

The Orphans' Court (Stewart, P. J.) overruled the exceptions and confirmed the report.

The appellants assigned for error the overruling of the 3d exception.

*Gilmore, Fuller & Plumer*, for appellants.—One of the executors being the purchaser, the appellants had the election to have the sale set aside or surcharge the account to the value of the land.

[Springer's Estate.]

The land having been bought for much less than its value, the executor cannot be protected by the authority from the testator to buy at their own sale.

*A. E. Wilson*, for appellants.—The point before the auditor was that no sale had in fact been made, and the auditor, as appears by the exception to the account and his report, was not asked to surcharge the account.

A trustee is not to be surcharged unless there be supine negligence or wilful default: Moore's Appeal, 10 Barr 438. The executors, if they made promises, are liable on them only as individuals, and cannot be made responsible in their account: Masterson *v.* Masterson, 5 Rawle 139.

The opinion of the court was delivered, November 13th 1866, by

STRONG, J.—This is an appeal from a decree of the Orphans' Court, overruling an exception to the auditor's report upon the account of the executors of the will of Levi Springer, deceased. The exception was that the auditor erred in not charging the accountants with the amount which the testator had paid for two tracts of land, devised by him to be sold, and which the executors had sold at less price. The auditor found that the lands were sold under a power contained in the will, and that there was no fraud in the sale. These findings were not directly traversed by the exception, and they are therefore to be taken as conclusive. But it is contended the lands were sold for a less price than their value, and for less than the sum which the executors had declared was the minimum for which they would let them go. It is not alleged they were not sold for the highest and best price that could have been obtained for them at the time of the sale. The auditor has expressly found that they were. Upon what principle, then, the executors can be surcharged with any sum above that for which the lands were actually sold, we are unable to discover. Their declarations made before the sales that the lands would not be sold unless they would bring their value, or as much as the testator had paid for them at any rate, are not to be regarded as a guaranty that· such a price should be obtained. And even if they are, it would be no reason for a surcharge. In such a case they might be personally liable at the suit of those to whom the guaranty was given, but they are.liable as executors or trustees to a surcharge only in case they were guilty of fraud or supine negligence equivalent to fraud. But these were negatived by the auditor, as they should have been in view of the evidence. In Moore's Appeal, 10 Barr 438, Judge Rogers said : "The general rule unquestionably is, that a trustee is not liable for more than he receives of the profits of an estate, for he is considered in the character of a stakeholder, or bailiff. If you wish to sur-

charge him beyond the actual profits, you must prove satisfactorily supine negligence or wilful default." So far from there being any proof of such negligence or default in the present case, in addition to the auditor's report to the contrary, there is no inconsiderable evidence that the executors put forth active efforts to induce bystanders at the sale to bid freely, and to continue their bidding. There is, then, no reason shown for a surcharge.

It may be added that, before the auditor, no attempt appears to have been made to charge the accountants with any sum above that for which the lands actually sold. The present exception was an after-thought.

Decree affirmed.