## Brittain's Estate.

*Orphans' court—Jurisdiction—Sale of real estate—Setting aside sale— Executors and administrators.*

The orphans' court has plenary power in controlling the settlement and distribution of the estates of decedents testate or intestate, and in determining all questions arising therein.

A sale of land by order of the orphans' court whether for payment of debts, in partition, or under the Act of April 18, 1853, P. L. 503, is a sale by the court, through an agent, an executor, administrator, guardian or trustee. The purchaser's offer to the court, provisionally accepted by the agent, is in law but an offer to the court, and the sale is not complete until the court has signified acceptance by confirming the sale. Until such confirmation, the court may decline the offer, and direct a resale, if this is required by justice or by the interests of the estate.

A sale under a testamentary power, while not primarily requiring confirmation by the orphans' court, is subject in like manner to its supervision and control.

No person acting in a fiduciary character can purchase at his own sale, directly or indirectly, or acquire by purchase any interest in the trust estate, without the consent of the beneficiary or others interested therein, or of the court having jurisdiction of the trust, or unless, if selling under a power, he is by its terms permitted to purchase.

As a general rule it is too late to make objections to a sale by order of the orphans' court after confirmation, payment of purchase money and delivery of deed. Yet there are exceptions to this rule; and the court may, when equity requires it, review its adjudication and revoke the confirmation.

A petition to set aside a sale of land which an executor had bought at his own sale will not be dismissed because another beneficiary had filed exceptions to the executor's account for the purpose of surcharging him with the profits of the sale, nor because such exceptant had joined in the petition to set aside the sale. The orphans' court has power to grasp the whole matter in controversy and deal with the exceptions and the petition as justice in the case requires.

A bona fide sale by an executor may be set aside and a resale ordered when this is manifestly to the interest of the estate.

Argued Jan. 11, 1905. Appeal, No. 57, Jan. T., 1905, by M. W. Brittain, purchaser, and W. C. Brittain, executor, from

decree of O. C. Luzerne Co., No. 195, of 1903, setting aside executor's sale of real estate in estate of Nathan T. Brittain. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Petition to set aside executor's sale of real estate.    Before FREAS, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was the decree of the court.

*L. Floyd Hess*, with him *W. Alfred Valentine*, for appellants. —After exceptions were filed and undisposed of, it was error for the court below to award the citation to show cause why the sale should not be set aside, and to subsequently set aside the sale on the same : Cleveland, etc., R. R. Co. v. Erie, 27 Pa. 380 ; Penna. R. R. Co. v. Davenport, 154 Pa. 111 ; Groshon v. Lyon, 16 Barb. 461.

It is not essential that the defendants be entirely the same ; if the actions are based upon substantially the same facts the first will abate the second, at least to those defendants who are named in both : Memphis v. Dean, 75 U. S. 64.

The general rule seems to be that a sale of real estate by an executor, acting under a power contained in his testator's will, cannot be set aside for inadequacy of price unless the inadequacy is so gross as to raise a presumption of fraud or great improvidence : Andrews' Estate, 6 Pa. Dist. Rep. 24 ; Semple's Est., 189 Pa. 385 ; Cascaden's Est., 7 Montg. 55 ; Brown's Est., 20 Lanc. 244.

*Rush Trescott*, for appellees.—The court had power to award the citation and set the sale aside after exceptions to the executor's account had been filed : Dundas's Appeal, 64 Pa. 325 ; Albright's Est., 6 Lacka. L. N. 108.

OPINION BY SMITH, J., May 17, 1905 :

Nathan T. Brittain, by his will, proved April 14, 1903, directed a sale, either public or private, of two parcels of land, and a division of the proceeds, after payment of his debts, among his brothers and sisters in equal shares.    On July 1, 1903,

Willard C. Brittain, the executor, made a public sale of one parcel for $300 and of the other for $55.00 to M. W. Brittain. On July 30, 1903, he filed an account in the register's office, charging himself with these moneys, and claiming, among other items, credit for two notes of the testator, payable to himself, one for $180.11, due April 25, 1871, and the other for $59.05, due February 2, 1887. On September 17, 1903, N. E. Brittain, a distributee of the fund, filed exceptions to those portions of the account relating to the proceeds of sale and the testator's notes; alleging, as to the former, that the sale was fraudulent, and the land collusively purchased by the ostensible vendee for the executor, at a grossly inadequate price. The exceptant further offered to give a bond conditioned to bid for the first parcel 100 per cent more, and for the second parcel 300 per cent more, than the price obtained. On November 17, 1903, the exceptant and W. C. Brittain, another distributee, filed a petition asking that the sale be set aside, for reasons substantially the same as those set forth in the exceptions; offering to bid 66⅔ per cent more for the first parcels and 300 per cent more for the second parcel; and tendering a bond in $1,500, conditioned to bid $720 for both parcels. The court approved the bond, and awarded a citation against the executor and the purchaser. An answer was filed, and the cause was heard on depositions taken by both parties. Upon the argument of the citation, the exceptions were withdrawn so far as they related to a surcharge of the executor with the difference between the value of the land and the price received. On September 28, 1904, the court made a decree setting aside the sale and ordering a resale, and another sustaining the exceptions to the credits for the testator's notes, and restating the account. From the former decree the executor and the purchaser have appealed.

The principles by which the disposition of this case is to be governed are well established, and may be thus summarized:

1. The orphans' court has plenary power in controlling the settlement and distribution of the estates of decedents testate or intestate, and in determining all questions arising therein: Kittera's Estate, 17 Pa. 416; Dundas's Appeal, 64 Pa. 325; Dundas's Appeal, 73 Pa. 474; Otterson v. Gallagher, 88 Pa. 355; Johnson's Appeal, 114 Pa. 132.

2. A sale of land by order of the orphans' court, whether for payment of debts, in partition, or under the act of April 18, 1853, is a sale by the court, through an agent, an executor, administrator, guardian or trustee. The purchaser's offer by his bid, provisionally accepted by the agent, is in law but an offer to the court, and the sale is not complete until the court has signified acceptance by confirming the sale. Until such confirmation, the court may decline the offer, and direct a resale, if this is required by justice or by the interests of the estate : Demmy's Appeal, 43 Pa. 155; Hamilton's Estate, 51 Pa. 58; Brown's Appeal, 68 Pa. 53; Armstrong's Appeal, 68 Pa. 409.

3. A sale under a testamentary power, while not primarily requiring confirmation by the orphans' court, is subject in like manner to its supervision and control : Dundas's Appeal, 64 Pa. 325.

4. No person acting in a fiduciary character can purchase at his own sale, directly or indirectly, or acquire by purchase any interest in the trust estate, without the consent of the beneficiary or others interested therein, or of the court having jurisdiction of the trust : Shuman's Appeal, 27 Pa. 64; Hannum's Appeal, 2 Penny. 103; or unless, if selling under a power, he is by its terms permitted to purchase : Springer's Estate, 51 Pa. 342.

5. As a general rule, it is too late to make objections to a sale by order of the orphans' court after confirmation, payment of purchase money and delivery of deed : Simmonds's Estate, 19 Pa. 439. Yet there are exceptions to this rule; and the court may, when equity requires it, review its adjudication and revoke the confirmation : Johnson's Appeal, 114 Pa. 132.

The contention by the appellant, that the petition to set aside the sale could not be entertained while exceptions to the account were pending, and that these exceptions could not be withdrawn after a hearing, cannot be sustained. It is true that, while one suit is pending, a second by the same plaintiff against the same defendant, for the same cause of action, and seeking the same remedy, cannot be pursued. But such is not the case here. The parties are not the same in both proceedings, and, while both rest on the same ground, different reme-

dies are sought. The exceptant could abandon his exceptions at any time before an adjudication upon them. But were this otherwise, the right of one beneficiary to ask that the sale be set aside could not be defeated by the other's attempt to surcharge the executor; nor is the former's right affected by the joinder of the latter in the petition to set aside the sale. Even should we hold the exceptant concluded by his election of the remedy by surcharge, the petition, while dismissed as to him, may be proceeded with at the instance of the other petitioner. The orphans' court had power to grasp the whole matter in controversy, and deal with the exceptions and the petition as justice in the case required. Had there been nothing but the exceptions before it, the court could have surcharged the executor with the amount, above the purchase price, for which the land should have been sold, or could have suspended the settlement and directed the exceptant to proceed at once to contest the sale, in accordance with its judgment as to the more equitable remedy: Dundas's Appeal, 64 Pa. 325. With both the exceptions and the account before it, the court could strike from the account the charge for the proceeds of sale, set aside the sale and direct a resale; and this was done.

The petitioner's allegation that the land was really bought by the executor, through the nominal purchaser, is established by the evidence. Without referring to particulars, it is sufficient to say that the indicia of collusion are sufficiently marked to justify the conclusion on this point reached by the court below. Apart from this, the authorities cited show that even a bona fide sale may be set aside and a resale ordered, when this is manifestly to the interest of the estate. Here the advantage to the estate of a resale is obvious, and for this reason alone the decree in the premises may be sustained.

Decree affirmed.