## Bucher's Estate.

*Ehrehart & Bange*, for petitioners; *Walter B. Hays*, for respondents.

STOCK, J., Dec. 23, 1927.—This is a citation issued at the instance of the Hanover Trust Company, trustee, Carlotta B. Wilson and Myrtle Barnitz, to show cause why certain deeds should not be set aside and decreed null and void.

Respondent filed an answer to this citation. Testimony of witnesses was taken in support of the disputed allegations of facts.

A. M. Bucher died July 4, 1920, leaving a will which was probated in York County on July 9, 1920, and letters testamentary thereon were granted to John J. Bollinger, the executor therein named.

A. M. Bucher provided in his will, *inter alia*, as follows:

"Eighteenth. All the rest, residue and remainder of my estate, real, personal and mixed, whatsoever and wheresoever situated, I direct shall be divided into four equal parts, one of which I give to each of my sisters, Mary

Jane Barnitz, Ella E. Bollinger and Clara E. Bittinger, and my brother, J. C. Bucher, provided, however, that the share of my estate to which my sister, Mary Jane Barnitz, is entitled under this provision, shall be paid by my executor to the Hanover Trust Company, of Hanover, Pa., in trust to invest, reinvest and keep the same invested and to pay the net income derived therefrom to the said Mary Jane Barnitz in quarterly payments for and during the term of her natural life, and upon her decease in further trust to pay the net income derived therefrom in quarterly payments to Carlotta B. Wilson and Myrtle Barnitz in equal shares for and during the term of their natural lives. Upon the death of either of the said Carlotta B. Wilson or Myrtle Barnitz, one-half of the principal of the said fund shall be paid to the children or issue of deceased children of the one so dying in equal parts, share and share alike, *per stirpes*. In the event that the one so dying shall leave no children or issue of deceased children surviving her, then one-half of the said fund shall be distributed to those entitled to my residuary estate at the time of my death, or their heirs, in such proportion as they would be entitled to under the intestate laws of the State of Pennsylvania in force at the time of my death."

Mary Jane Barnitz, sister of the testator and mother of Carlotta B. Wilson and Myrtle Barnitz, died Sept. 11, 1922.

Carlotta B. Wilson and Myrtle Barnitz and Hanover Trust Company, testamentary trustee under said will, are petitioners herein.

Decedent died seized of an undivided one-sixth interest in an improved parcel of land situate at the corner of Carlisle Street and Centre Square, Hanover. The remaining five-sixths interests were vested in equal undivided one-sixth interests in each of the decedent's three surviving sisters and a surviving brother, Ella E. Bollinger, Clara E. Bittinger, Mary Jane Barnitz and J. C. Bucher, and in the estate of the decedent's deceased brother, H. C. Bucher.

Decedent empowered his executor to sell said real estate by the following provision in his will:

"Nineteenth. I hereby authorize and empower my executor hereinafter named or his survivor to sell and dispose of all or any part of my real estate either at public or private sale for the best price that may be obtained for the same and to convey and assure unto such purchaser thereof in fee simple, without any obligation on the part of such purchasers to see to the application of the purchase money."

On March 29, 1922, the said John J. Bollinger, executor of the said A. M. Bucher, deceased, sold and conveyed at private sale an undivided one-eighteenth interest in the property to his mother, Ella E. Bollinger, for $2500, which deed was recorded May 3, 1923. This undivided one-eighteenth interest was reconveyed by said Ella E. Bollinger to her said son, John J. Bollinger, on Sept. 18, 1922, for a like consideration of $2500, the deed being recorded May 3, 1923.

On March 29, 1922, the said John J. Bollinger, executor as aforesaid, sold and conveyed at private sale an undivided one-eighteenth interest in the property to his uncle, J. C. Bucher, for $2500, which deed was recorded May 3, 1923. This undivided one-eighteenth interest was also reconveyed by said J. C. Bucher and wife to his said nephew, John J. Bollinger, on March 31, 1922, for a like consideration of $2500, the deed being recorded May 3, 1923.

On March 29, 1922, the said John J. Bollinger, executor as aforesaid, sold and conveyed at private sale an undivided one-eighteenth interest in the property to his aunt, Clara E. Bittinger, for $2500, which deed was recorded May 3, 1923.

Petitioners, as residuary legatees under the eighteenth item of the will of the decedent, are interested in said real estate and the proceeds received from its sale.

Said Ella E. Bollinger died Feb. 15, 1925, and letters testamentary on her estate were granted to said John J. Bollinger.

Said John J. Bollinger died March 23, 1925, and letters of administration on his estate were granted to his sister, Anna B. Rebert, and Jacob F. Rebert, her husband.

Letters of administration *de bonis non cum testamento annexo* on the estate of said Ella E. Bollinger were granted to her daughter, the said Anna B. Rebert, and Jacob F. Rebert, her husband.

Letters of administration *de bonis non cum testamento annexo* on the estate of the said A. M. Bucher were granted to his brother, the said J. C. Bucher.

All parties interested in the real estate of the decedent sold as aforesaid, or legatees under said residuary clause in the will of A. M. Bucher, deceased, have been made parties to this proceeding and are in court either as petitioners or respondents.

Neither the Hanover Trust Company, trustee as aforesaid, Carlotta B. Wilson, nor Myrtle Barnitz received notice of the sales and transfers of decedent's real estate made as aforesaid until after the same had been made; nor did Mary Jane Barnitz receive such notice in her lifetime. None of these parties assented to or had knowledge of these transfers at the time they were made.

The value of this undivided one-sixth interest in the real estate at the time when it was sold by decedent's executor was greatly in excess of the sum of the purchase prices therefor.

The inadequacy of the price at which the undivided interest in the real estate was sold by the executor to three of the four residuary legatees, without notice to the fourth, resulted in a constructive fraud upon petitioners.

The reconveyance of two of these undivided interests in the real estate of the decedent by the purchasers to the executor, at a consideration grossly inadequate, resulted in a constructive fraud upon petitioners.

The Orphans' Court has authority to set aside these sales made by the executor.

These sales made by the executor should be set aside by this court.

Under the Act of June 7, 1917, § 9, pars. *(d)* and *(l)*, P. L. 363, the Orphans' Court is given power to control executors in the management of estates placed in their hands and of "all cases within their respective counties wherein executors, administrators, guardians or trustees may be possessed of or in any way accountable for any real or personal estate of a decedent." Under this power, the Orphans' Court has jurisdiction to review, set aside and order a resale of real estate made under a testamentary power: Spencer's Estate, 227 Pa. 469. This was the same interpretation of powers of the Orphans' Court as granted by the earlier Act of 1836: Dundas's Appeal, 64 Pa. 325.

Such jurisdiction of the Orphans' Court to set aside a sale made by an executor under a power conferred by a will may be exercised in case of gross inadequacy of price: Fricke's Estate, 16 Pa. Superior Ct. 38; Schnebly's Estate, 249 Pa. 208.

This furnishes ample authority to set aside all three sales made by the executor of A. M. Bucher, deceased.

Two of the grantees, one the uncle, the other the mother of the executor, conveyed the fractional interests sold to them to the executor at the same consideration. This would make the relief prayed for more imperative. No

person acting in a fiduciary character can purchase at his own sale, directly or indirectly, or acquire by purchase any interest in a trust estate without the consent of the beneficiary or others interested therein, or of the court having jurisdiction of the trust, unless such right be given by the testator in the will: Shuman's Appeal, 27 Pa. 64; Hannum's Appeal, 2 Penny. 103; Schnebly's Estate, *supra*.

The suggestion has been made by respondents' attorney that equity can be done without cancellation of these deeds; that since petitioners' interest under the terms of the residuary clause is one-fourth of the proceeds of the sale of this real estate, they may be awarded a sum equal to one-fourth of the difference between the price paid and the value as found by the court.

Title to this real estate is now in one of the original grantees, Clara E. Bittinger, and in the heirs of John J. Bollinger, the executor who made the conveyances. No substantial improvements have been made to the property by the grantees. In addition, Carlotta B. Wilson and Myrtle Barnitz own another fractional interest in this real estate vested in them through other sales. It would, therefore, appear that the interests of all parties can be best served by granting the prayer of the petitioners and directing a public sale of the undivided interest of the decedent.

And now, to wit, Dec. 23, 1927, it is ordered and decreed that the three sales of real estate of A. M. Bucher, deceased, made by his executor be set aside and that the following deeds of conveyance be and are hereby decreed to be null and void, to wit, (1) deed of John J. Bollinger, executor of A. M. Bucher, deceased, dated March 29, 1922, to Ella E. Bollinger, for a one-eighteenth interest in the real estate in Centre Square, in the Borough of Hanover; (2) deed of John J. Bollinger, executor of A. M. Bucher, deceased, dated March 29, 1922, to J. C. Bucher, for a one-eighteenth interest in the real estate in Centre Square, in the Borough of Hanover; (3) deed of John J. Bollinger, executor of A. M. Bucher, deceased, dated March 29, 1922, to Clara E. Bollinger, for a one-eighteenth interest in real estate in Centre Square, in the Borough of Hanover; and, further, upon petitioners, or any of them, giving bond in the sum of $2000 conditioned to bid the sum of $12,500 at a resale of said undivided one-sixth interest, the court order a public sale of the same. From R. E. Cochran, York, Pa.