## In re Straight Mortgage Pool

*Brandt & Brandt*, for petitioners.

TRIMBLE, P. J., November 9, 1942.—We have before us a petition for a division of the broker's commission for the sale of real estate situate at 123 Lincoln Avenue, Bellevue, by The Union National Bank of Pittsburgh, bailiff of the mortgage pool, to Anna Hill.

Anna Hill, represented by Hennig & Schove, offered $6,600 for said property and agreements of sale were entered into between her and the bailiff on September 15, 1942. Marie C. Streit, by Gilbert B. Weiss and George H. Hacke, partners, trading and doing business as W. B. Dawson Company, petitioners herein, submitted a bid to the bailiff on September 17, 1942, for the same price of $6,600 and was advised of the contract between the bailiff and Anna Hill. On October 1, 1942, after refusing a higher offer by Marie C.

Streit, the bailiff announced it would accept sealed bids for the property on October 5, 1942. On that day Anna Hill offered a bid of $7,200 accompanied by a check for $600 as hand money and Marie C. Streit offered a bid of $7,125 accompanied by a check for $300 as hand money. The bailiff accepted the bid of Anna Hill and new agreements of sale were executed between it and Anna Hill on October 6, 1942.

On October 7, 1942, the bailiff presented a petition to have the sale to Anna Hill confirmed. Petitioners appeared for Marie C. Streit and offered $7,300 whereupon the court refused to confirm the sale to Anna Hill. On October 14, 1942, a formal offer was made by petitioners on behalf of Marie C. Streit in the sum of $7,300 accompanied by a check for $300 as hand money. This offer the bailiff refused under instructions from the court not to accept less than $1,000 as hand money on the bid from Marie C. Streit for $7,300. On October 15, 1942, the court authorized the sale of the property to Anna Hill and on October 20, 1942, the bailiff executed and delivered a deed for said premises to Anna Hill upon receipt of $7,200 in cash from her.

Petitioners invoke the Orphans' Court Act of June 7, 1917, P. L. 363, sec. 9 $(p)$, as amended by the Acts of June 26, 1931, P. L. 1384, and July 2, 1941, P. L. 227, which provides that the jurisdiction of the orphans' court shall extend to and embrace "The exercise of all other powers needful to the doing of anything which is or may be hereafter required or permitted to be done in said court, whether incidental to the powers hereinbefore enumerated or in addition thereto.

"And such jurisdiction shall be exercised under the limitations and in the manner provided by law: Provided, however, That nothing in the foregoing shall be construed to relieve executors, administrators or trustees who have entered into an agreement of sale of real estate of a decedent or any other real estate held in trust in good faith, and who prior to the time fixed

for settlement thereunder have received a higher offer for such real estate, from the payment of real estate broker or brokers' commissions to the broker who had procured such agreement of sale, and in the event that more than one real estate broker is entitled to commissions for said agreements of sale, then such commissions shall be equally divided between or among such real estate brokers: Provided, further, That the total aggregate commissions paid shall in no event exceed five per cent of the gross consideration of the final sale."

Prior to the enactment of this act a real estate broker's commission could be defeated by the fiduciary's duty to reject the original purchaser if a better offer was received: Clark et al. v. Provident Trust Co. et al., 329 Pa. 421; Hays' Estate, 286 Pa. 520; Brittain's Estate, 28 Pa. Superior Ct. 144. Petitioners do not represent the original bidder who made the written agreement of sale. They represent a second and unsuccessful bidder whose competition forced the original bidder to increase her offer in order to secure the property. The provisions of the act do not cover the facts of this case.

The petition will be dismissed.